UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ON BEHALF OF THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES CORPORATION II, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2012-GCJ9,** | **1:23-cv-11035 (ALC) (BCM)** |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| -against- | |
| **MICHAEL X. MATTONE AND CARL F. MATTONE.,** | |
| Defendants. | |

**ANDREW L. CARTER JR., United States District Judge:**

On May 29, 2024, this Court referred the motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to Magistrate Barbara C. Moses for a Report and Recommendation. ECF No. 50. In the Report and Recommendation filed on February 21, 2025, Magistrate Judge Moses recommended that Defendant Michael Mattone's motion to dismiss the Complaint be GRANTED; that Plaintiff's breach of guaranty claims against both Defendants be DISMISSED as barred by RPAPL § 1301(3), WITHOUT PREJUDICE to its right to seek to join the Guarantors as Defendants in the Foreclosure Action for the purpose of seeking a deficiency judgment against them; that Plaintiff's claims for preliminary injunction and unjust enrichment be DISMISSED WITH PREJUDICE for failure to state any cognizable claims; and that Carl Mattone's cross-claims against Michael Mattone be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. ECF No. 70 at 30.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The parts that haven't been objected to are reviewed for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

Here, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and warned that failure to file timely objections would result in waiver of such objections and will preclude appellate review. ECF No. 70 at 30. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

As of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to get appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008). Despite the waiver, the Court has reviewed the complaint, briefs, and Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. The Clerk of Court is respectfully directed to terminate ECF No. 58.

**SO ORDERED.**

**Dated: March 10, 2025**

      **New York, NY**                                  **ANDREW L. CARTER, JR.**

                                                     **United States District Judge**